**STATE ex HARSHMAN v LUTZ, Aud**

Ohio Appeals, 2nd Dist, Montgomery Co

Decided Jan 6, 1932

John B. Harshman, Dayton, for relator.
Calvin Crawford, Dayton, L. G. Long, and Daniel Nevins, Dayton, for defendant.

518

KUNKLE, J.

In brief, the above are the issues raised by the pleadings.

The case was submitted to this court upon the pleadings, a stipulation of counsel, and the arguments of counsel. There have also been submitted to us very exhaustive briefs of counsel including an opinion of the attorney general of Ohio upon questions similar to the issues raised by the pleadings in this case.

The briefs of counsel recite the various sections of our Code that are pertinent, and also discuss many authorities from this and sister states upon the questions raised by the pleadings.

We have examined with care many of the authorities so cited by counsel, and have considered the sections of our Code pertinent to the issues suggested by counsel.

As counsel have expressed a desire for a speedy determination of this case, we will merely announce the conclusion at which we have arrived, after a study of their briefs rather than attempt to discuss the many authorities which have been cited.

Sec 5625-1, GC, defines the various terms employed in the tax levying act. Paragraph "f" includes and defines "Current Expenses."

Sec 5625-15 GC provides that the taxing authority of any subdivision at any time prior to September 15 in any year by vote of two-thirds of all members of said body may declare by resolution that the amount of taxes which may be raised within the fifteen-mill limitation will be insufficient to provide an adequate amount for the necessary requirements of the subdivision, and that it will be necessary to levy a tax in excess of such limitation for the following purpose: (1) Current expenses of the subdivision.

Sec 3476, GC, in brief, provides that:

"The proper officers of each city therein, respectively, shall afford at the expense of such * * * municipal corporation public support or relief to all persons therein who are in condition requiring it."

The duty to afford relief to those entitled thereto is therefore prescribed by law.

It is apparent that these proceedings were had by the city authorities for the purpose of complying with this provision of law, and we find that the resolution and

ordinance relating thereto were duly passed, and that the question was regularly submitted to the electors of the city of Dayton by the board of elections, and that the result of the vote on such proposition was as set forth in the pleadings.

Sec 26, GC, provides as follows:
"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

From a consideration of the authorities we are of opinion that §5625-18, GC, as it existed at the time of the passage of the resolution, controls this proceeding, and that the subsequent amendment of such statute does not affect proceedings which were instituted prior to October 14, 1931, the date such amendment became effective. It therefore follows, the majority of the electors voting at such election having voted in favor thereof, that the taxing authorities of the municipality could levy a tax within such subdivision for such additional purpose and have the same placed upon the tax duplicate as provided by law.

In reference to another issue raised by the pleadings, we are of opinion that the one-mill levy for poor relief was legally submitted, and that there is no limitation preventing the proper city authorities from submitting to the electors at the same election more than one proposal for special levies outside of the fifteen-mill limitation. However, in the instant case, if our conclusion should not be correct, we are of opinion that the resolution of date September 14, 1931, for current expenses, would fail, and not the one of date September 2, for poor relief. We have considered the other questions suggested by counsel for plaintiff in oral argument, but if our conclusions are correct upon the above propositions then the same are determinative of the case and it will be unnecessary to discuss such additional questions.

Counsel for the defendant rely upon the case of Alexander v Spencer, Treas., 13 C. C. (N.S.), 475, 22 C. D., 306, affirmed without opinion, Spencer, Treas., v Alexander, 83 Oh St, 492, 94 NE, 1115. As the Supreme Court rendered no opinion, we cannot determine upon what ground its judgment was based. We cannot escape the conclusion, however, that the question in that case was different from the one in the case at bar. In the Alexander case, a special levy had been created for sewer purposes under the provisions of §2713, Revised Statutes. That section was repealed. The question presented in the Alexander case was as to the right of the municipal corporation to make a levy for the purpose of raising funds to meet the expenditures already incurred for sewer purposes. It was held in that case that such a levy could not be made. There were no proceedings pending in that case which could have been made the basis for the levy of a tax. Here there was a proceeding pending at the time of the taking effect of the law fixing the number of votes required for the legality of a levy. The proceedings in the present case began with the resolution for the authorization of the one-mill levy, and as the amendment providing for a fifty-five per cent. vote took effect after the proceedings were pending we are of opinion that such law would not apply.

From a consideration of the pleadings and briefs, we are of opinion that the plaintiff is entitled to the relief asked for.

Writ allowed.

ALLREAD and HORNBECK, JJ, concur.